IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00567-RM-KLM

MICHAEL D. FLEMMING,

     Plaintiff,

v.

WELLS FARGO HOME MORTGAGE,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's untitled letter dated March 14, 2014 [#8][1] (the "Letter"). In the Letter Plaintiff states that he received the Court's Order [#7]. *Letter* [#8] at 1. Plaintiff further indicates that he believes the Order to mean that he must submit additional documents. *Id.* Accordingly, Plaintiff attaches ten pages of documents to his Letter.

     As an initial matter, Plaintiff is under a legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). In order to more fully explain the

_____

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

responsibilities Plaintiff now bears as a pro se litigant, the Court has attached a letter as an exhibit to this Order.

The Court further informs Plaintiff that if he would like to request relief from the Court, he must file a motion stating what relief he is requesting and the basis for that relief. *See* D.C.COLO.LCivR 7.1.  A document like the Letter is not a motion and, therefore, the Court will take no action in response to any similar filings.  However, in this one limited circumstance, the Court will address the Letter because it is clear that Plaintiff has misunderstood the Order [#7].

In the Order the Court explained the legal standard that a complaint must meet. *See Order* [#7] at 1-2.  The Court then explained that Plaintiff's Title VII Complaint failed to include necessary information. *Id.* at 2-3.  As a result, the Court ordered Plaintiff to file an **amended complaint**.  *Id.* at 3.  Accordingly, Plaintiff's filing of the Letter [#8] and the attached exhibits does not comply with the Court's Order and does not remedy the problems with Plaintiff's Title VII Complaint [#1].  The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and persons or entities he intends to name as defendants in the amended complaint.  Further, Plaintiff may attach documents as exhibits to his amended complaint, but he may not supplement a complaint by filing documents attached to a different document.  Because of Plaintiff's confusion regarding the Order [#7], the Court will *sua sponte* extend Plaintiff's deadline to file his amended complaint.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff shall file an amended complaint on or before **April 18, 2014**.

IT IS FURTHER **ORDERED** that if Plaintiff fails to cure the deficiencies designated in the Order [#7], the Court will recommend that the Complaint [#1] and the action be dismissed without further notice.

Dated:  March 17, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge