IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00567-RM-KLM

MICHAEL D. FLEMMING,

      Plaintiff,

v.

WELLS FARGO HOME MORTGAGE,

      Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on: (1) Plaintiff's untitled letter to the Court dated March 6, 2014 [#5][1] (the "Letter"); (2) the Court's March 7, 2014 **Order** [#9] (the "First Order") requiring Plaintiff to file an amended complaint, and (3) the Court's March 17, 2014 **Order** [#9] (the "Second Order") responding to Plaintiff's March 14, 2014 Letter [#7].  For the reasons provided below, I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

      In the Letter, Plaintiff asks the Court to appoint counsel for him because he has "been unable to obtain an attorney for pro bono work." *Letter* [#5] at 1.  In addition, Plaintiff states: "I would motion the court to have a member of the US Marshal's office serve the

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Order.

summons to appear.  I am not sure how to serve someone in another state."  *Id.*

In the First Order, the Court explained that Plaintiff's Complaint is deficient and ordered Plaintiff to file an amended complaint on or before April 6, 2014.  *See generally First Order* [#7].  Specifically, the Court explained:

> The Tenth Circuit encourages district courts to "helpfully advise a *pro se* litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010).  Plaintiff's Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details, such as the date of any specific acts.  For example, while Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to provide the date when his employment was terminated.   Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in opposition to an unlawful employment practice.  *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).  In short, the Complaint fails to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

*Id.* at 2-3.  The Court also warned Plaintiff that if he did not cure the deficiencies in his Complaint, "the action will be dismissed without further notice."  *Id.* at 3-4.

On March 14, 2014, Plaintiff sent the Court an untitled letter that attached documents [#8].  In response, the Court entered the Second Order explaining that a letter "is not a motion and, therefore, the Court will take no action in response to any similar filings."  *Second Order* [#9] at 2.  However, the Court did "address the Letter because it [wa]s clear that Plaintiff" was confused.  *Id.*  Therefore, the Court explained:

> In the [First] Order the Court explained the legal standard that a complaint must meet.  *See [First] Order* [#7] at 1-2.  The Court then explained that Plaintiff's Title VII Complaint failed to include necessary information.  *Id.* at 2-3.  As a result, the Court ordered Plaintiff to file an **amended complaint**.

2

*Id.* at 3.   Accordingly, Plaintiff's filing of the Letter [#8] and the attached exhibits does not comply with the Court's Order and does not remedy the problems with Plaintiff's Title VII Complaint [#1].   The Court will not permit piecemeal adjudication of Plaintiff's case, thus Plaintiff must include all claims he seeks to bring and persons or entities he intends to name as defendants in the amended complaint.   Further, Plaintiff may attach documents as exhibits to his amended complaint, but he may not supplement a complaint by filing documents attached to a different document.   Because of Plaintiff's confusion regarding the [First] Order [#7], the Court will *sua sponte* extend Plaintiff's deadline to file his amended complaint.

*Id.* (emphasis in original).   The Court extended Plaintiff's deadline to file an amended complaint to April 18, 2014.   *Id.*   The Court again warned Plaintiff "that if Plaintiff fails to cure the deficiencies designated in the [First] Order [#7], the Court will recommend that the Complaint [#1] and the action be dismissed without further notice."   *Id.* at 3.

Despite the Court's clear warning about the consequences for failure to file an amended complaint, Plaintiff has not filed an amended complaint, nor has he filed a motion requesting extension of the April 18, 2014 deadline set in the Second Order.   Plaintiff's conduct to date demonstrates a lack of interest in prosecuting this case as well as a failure to comply with two Court Orders, the Local Rules of this Court, and the Federal Rules of Civil Procedure.   Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute his case.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome.   *See Hall*, 935 F.3d at 1110.

## II.  Findings

The Court finds that Plaintiff has failed to meaningfully participate in his case. Specifically, Plaintiff has failed to comply with two Court Orders.  Moreover, Plaintiff's failure

3

to file an amended complaint that meets requirements of Fed. R. Civ. P. 8 and the standard set out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), is viewed as a failure to prosecute his case.

### III.  Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2]   The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

## A.  Prejudice to Defendant

From a review of the case file, I find that Plaintiff's neglect of his case has not prejudiced Defendant, but would prejudice Defendant if it was served and appeared in this action. While Defendant has not yet appeared in this action, even if it did, it could not defend against the Complaint as drafted because the Complaint does not provide Defendant fair notice of what claims Plaintiff asserts. As noted in the First Order, *First Order* [#7] at 1, in the Complaint Plaintiff states the following:

> I have PTSD [and] was harrased [sic] and forced [to] re-seek medical attion [sic] for my PTSD. . . . I was hired by Wells Fargo in 2010 as a mortgage processor. After about 3 months on the job[,] I started to [be] verbally harrased [sic] by my supervisoo[,] Daisy Perez. I finally had to take FMLA [leave] and went to counciling [sic] to get back in control of my PTSD. When I returned from FMLA [leave,] I was held to a standard unlike anyone else regarding my work[.] Once I failed at that standard then I was fired.

*Complaint* [#1] at 2-3. Plaintiff seeks $42,000 in damages. *Id.* at 6. Plaintiff provides no further detail regarding his claim against Defendant.

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957)). The purpose of the pleading

requirement is "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (internal quotations and citations omitted).  Here, Plaintiff's failure to satisfy Rule 8's basic pleading requirements is clear.  Plaintiff fails to give Defendant or the Court any notice of what claims Plaintiff asserts.  As noted in the First Order,

> Plaintiff's Complaint fails to clearly articulate the specific allegations as to Defendant and the corresponding basic details, such as the date of any specific acts.  For example, while Plaintiff brings his claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to provide the date when his employment was terminated.  Plaintiff also fails to provide information regarding whether he is a member of a protected class or if he engaged in opposition to an unlawful employment practice.  *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation).  In short, the Complaint fails to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

*First Order* [#7] at 3.  However, because Defendant has not yet suffered prejudice, this factor weighs neither in favor nor against dismissal.

**B.    Interference with the Judicial Process**

I conclude that Plaintiff's failure to prosecute his case, and specifically his failure to comply with Court Orders, the Local Rules, and the Federal Rules of Civil Procedure, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to contact the Court or put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process.  In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort.  The

6

Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision). This factor weighs in favor of dismissal.

## C.   Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. The Court provided Plaintiff with ample opportunities to litigate his case, but he has chosen not to comply with two Court Orders and has not filed an amended complaint that would satisfy Fed. R. Civ. P. 8's pleading requirements. As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders, and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, I must conclude that Plaintiff's failures have been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

## D.   Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court twice that he risked dismissal of his case if he failed to comply with Court Orders [##7, 9]. *Pro se* litigants are required to read and follow the rules of the Court. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Plaintiff was specifically warned of this legal obligation in the Second Order [#9], which also advised Plaintiff that if he felt he could not "bear the responsibility at this time, he [could] voluntarily

7

dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a)." *Second Order* [#9] at 1.  Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal.  Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case and a prior case do not prevent this result.  *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

E.    **Efficacy of a Lesser Sanction**

Finally, I conclude that no sanction less than dismissal would be effective.  Although Plaintiff is proceeding *pro se*, that does not excuse his neglect here.  *See Green*, 969 F.2d at 917.  In addition, given that this case cannot proceed without the filing of an amended complaint that complies with Fed. R. Civ. P. 8's requirements and that Plaintiff has failed to file an amended complaint even after being ordered twice to do so, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct.  Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### IV.  Conclusion

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that Plaintiff's Letter [#5] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  April 29, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

9